IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MISAEL NUNEZ MARQUEZ,** (Tarrant No. 0929781), | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 4:23-cv-256-O |
| **MUNICIPALITY (Court Room #485), et al.,** | § § § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This matter is before the Court for review of pro-se inmate Misael Nunez Marquez ("Marquez")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed the operative pleadings, the Court finds that Plaintiff's claims and allegations against the defendants must be **DISMISSED** with prejudice under authority of these provisions.

**I.    BACKGROUND**

Plaintiff Marquez filed a completed form civil rights complaint with voluminous attachment pages totaling 98 pages. Compl. 1-98, ECF No. 1 As a result, the Court issued an order for Marquez to file an amended complaint not in excess of 30 pages, and in response, Marquez filed a form civil-rights complaint with attachment pages as an amended complaint. Order, ECF No. 8; Am. Compl. 1-8, ECF No. 1. Marquez also later submitted a more definite statement that the Court directed be filed in this case. More Definite Statement ("MDS") 1-3, ECF No. 13.

Marquez remains housed at the Tarrant County Jail. As noted in this Court review of a

habeas corpus proceeding, Marquez is awaiting trial on a charge of burglary of a habitation in cause number 1567077. *Marquez v. Waybourn*, No. 4:23-cv-574-O (June 8, 2023) (Order and Final Judgment); *see also* https://inmatesearch.tarrantcounty.com?Home/Detials?CID=0929781 last visited October 23, 2023. Marquez names as a defendant the Municipality (Court Room #485) and he claims unlawful prosecution and alleges his lawyer's motions were granted but that his were denied. Am. Compl. 4, ECF No. 11. In spite of the Court's warning that he needed to set forth facts of each defendant's involvement, Marquez names Sheriff Bill Waybourn but alleges only conclusory statements such as "illegal detainment, oppression, harassment and physical injury." Am. Compl. 4, ECF No. 11. Marquez names Officer D. Haga and alleges that he failed to read Marquez his *Miranda* [*v. Arizona*), 384 U.S. 436 (1966)] rights and he complains of a report completed on October 19, 2018. *Id.* He also names Detective A. S. Owen for removal of audio and videotaped statements. *Id*. He names an unidentified district attorney and alleges he has refused to set the case for jury trial. *Id*. Marquez also recited a lengthy Statement of Claim that the Court hereby restates in exactly the same form, grammar, structure and spelling as written by Marquez:

> I Plaintiff humbly assert that in violation of the Vienna Conviction and federal constitutional rights. The 17th day of October 2018. Incidental I get outside the apartment under my name, an officer was at the door, asked for my name. When I give my name without prior notice, he ordered me to entire in a police car. Approx (300) foots from my apartment. Therefore, after approx. an hour and a half or more later, due to my lack of understanding of the purpose photographs that were taken, as well as pressured police questions, I agreed to let the officers enter to my apartment. The Plaintiff further assert that with the officers present, one of the tenants of my apartment Lester Vasquez, opened the door for me and I informed him of the acts to which he collaborated.
>
> **NEGLENT**
>
> (A) Failure to provide competent and diligent investigation–Detective A.S. Owen. Failure of a potential suspect despite that on basis the videotapes statement the

2

---

find within of said apartment known by investigators (Lester's claimed his ownership) and in support to the same his jacket that was missing included key pad.

### INCRIMINATION

(B) On 10/17/2018 in custody approx. 1:00 p.m. The detectives appeared for an interrogation. Therefore, I admit that at that time my lack of studies in an school is a misunderstanding of *Miranda* rights. Moreover, at the beginning of the interrogation, he specifically stated that he knew that I was fighting with my girlfriend and that he had been informed by Lester's.

### PROVIDING FALSE EVIDENCE

However, then of collected mis-states from my apartment tenants, finds that were placed in the living room of said apart. At the time that I was in an police car, videotapes statement/audiotaped statement removed, redacted/omitted, as well as specific questions of my dispute (called fight) with my girlfriend and she friends, an deviation from the legal procedure.

### INCORRECT SUMMARY OF INVESTIGATION

The Presentation of erroneous warrant arrest affidavit dated on 10/17/2028. From detective mis-states facts and conceals material details which he omit without explanation, mis-states that defendant made an alleged confession. Involuntary statement misconstrued as a confession based upon confusing coercive police tactics and my lack of understanding. Furthermore, of the police report 10/19/2018 and stating that I was arrest and the details of facts there after I exited from my apartment to which the officers collaborated. In support of the same see videotapes inside and outside or my apart.

### DISCRETION

Although the processes of this matter is accepted the court's decision the acts required of the Respondent are ministerial in nature and are not subject to the discretion of the Respondent and giving improper order refused to grant defendants hearing for all materials fact filed with intent the detriment of defendant case by counsel and granted on fraud.

### CONCLUSION

Although the processes of his matter was denied exhibits (A-F, and respond) are

> hereby presented in support of these claims. Moreover, Plaintiff seek relief for illegal retainment, damages in pursuit, mental/injury against my will and witnesses to which Plaintiff is entitled.

Am. Compl. 4-8, ECF No. 11 (sic). For relief in this action, Marquez writes that he seeks "money 6,000,000 Relief for over (4) yr and continual confinement without right to cross-examination." Am. Compl. 5, ECF No. 11. As noted, Marquez also filed a more definite statement asserting continued claims regarding his ongoing state criminal proceeding in cause number 1567007 before the 372nd Distrct Court, Tarrant County, Texas, to include asserting challenges to an order that he be subjected to a mental competency examination. MDS. 1-3, Attachments 4-6, ECF No. 13.

## II.    LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Marquez is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review and screen a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a). Because Marquez is proceeding in-forma-pauperis, his pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in

fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

### III.  ANALYSIS

#### A.  Sheriff Bill Waybourn - No Personal Involvement - No Respondeat Superior

When Marquez filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

defendant"); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"); *Douthit v. Jones*, 641 F.2d 345 (5th Cir.1981) (a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation.")

Marquez listed Sheriff Bill E. Waybourn as a defendant. Am. Compl. 4, ECF No. 11. A supervisory official, like Sheriff Waybourn, however, cannot be held liable pursuant to § 1983 under any theory of vicarious liability simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir.1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979). Such officials may be liable when enforcement of a policy or practice results in a deprivation of a federally protected right. *Alton*, 168 F.3d at 200 (citing *Doe v. Dallas Ind. Sch. Dist.*, 153 F.3d 211, 215-16 (5th cir. 1998)).

As to Sheriff Waybourn, Marquez recites only conclusory statements such as "illegal detainment," "oppression," "harassment," and "physical mental maltreatment [sic]." Am. Compl. 4, ECF No. 4. Without more specific facts of actual personal involvement of Sheriff Waybourn in any interaction with Marquez, he has essentially claimed that Waybourn is vicariously liable for the actions of the officers. As Marquez has not provided sufficient facts to support a claim against Waybourn, his claims against Waybourn must be dismissed.

### B.  42 U.S.C. § 1997e(e) Limitation on Monetary Damages if no Physical Injury

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover

compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Marquez appears to allege violations of his rights under the Sixth and Fourteenth Amendments to the Constitution.

The physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F. 3d 371, 375 (5th Cir. 2005). The Fifth Circuit subsequently rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,"* and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

Other courts have held that an inmate's claims for compensatory damages for violations of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e). *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (Fourteenth Amendment); *Allen v. Holden*, No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and*

*rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012) (Fourteenth Amendment); *Rogers, v. Newman*, No. 5: 04-cv-193 DCB-JCS, 2006 WL 1520298, at * 1 (S.D. Miss. Apr. 7, 2006) (Fourteenth Amendment). And another court has applied the limitations in § 1997e(e) to bar a plaintiff's claims under the Sixth Amendment that did not include any allegation of a physical injury as a result of such violation. *See Williams v. Wright*, No. 2:19-040-WDB, 2019 WL 2236257, at *3 (E.D. Ky. May 23, 2019).

Courts in this circuit have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a showing of physical injury in other contexts. *See generally Logan v. Honeycutt,* No. 12-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e), *rep. and rec. adopted*, 2012 WL 3903452 (Sep. 7, 2012); *Hodge v. Stadler*, No. 04-0965, 2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers*, 404 F.3d 371 (2005)").

Marquez has not alleged any physical injury. Am. Compl. 4-8, ECF No. 11. Applying the above cited holdings to the instant case, no matter the substantive constitutional violations asserted by Marquez against the remaining defendants, the failure to allege physical injury bars his claims for recovery of any compensatory monetary damages, including his claim for $6,000,000. Thus, Marquez's claims for compensatory monetary damages are barred under 42 U.S.C. § 1997e(e).

### C. *Younger* Abstention

Marquez seeks relief against his ongoing state criminal proceedings. Am. Compl. 5, ECF No. 11. With regard to his remaining factual allegations and claims challenging the proceedings in his underlying criminal case in state court, the Court notes that, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489-1490 (5th Cir. 1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490. As to *Younger's* application to ongoing criminal prosecutions, this court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger*, 401 U.S. at 44.

All prerequisites for abstention under *Younger* are met here. There are ongoing state judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 11171, 1176 (5th Cir. 1984). Marquez has a full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction (s), or through a state habeas writ challenging his detention or conviction. *See DeSpain*, 731 F2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). The Court will therefore abstain from jurisdiction over

9

Marquez's remaining § 1983 claims for declaratory type relief. *See Boyd v. Farrin*, 575 F. App'x 517, 518-19 (5th Cir. 2014) (affirming district court's dismissal of § 1983 claims for injunctive relief challenging grand jury procedure as properly dismissed under *Younger*); *see also Lewis v. Quisenberry*, No. 4:17-cv-1022-A, 2017 WL 6729184, at *2 (N.D. Tex. Dec. 28, 2017) (dismissing § 1983 claims challenging the legality of evidence presented in ongoing state court criminal proceedings as barred by *Younger* abstention); *Peralta v. Caldwell*, Civ. No. 15-1385, 2015 WL 7451206, at *4 (E.D. La. Nov. 23, 2015) (claims seeking relief under § 1983 and other civil rights statutes on ground that grand jury indictment was based on false evidence dismissed under the *Younger* abstention doctrine). Thus, the Court concludes that Marquez's remaining claims under 42 U.S.C. § 1983 must be dismissed under the *Younger* abstention doctrine.

### IV. CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Misael Nunez Marquez's claims against Sheriff Bill Waybourn, and all claims for compensatory monetary damages, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

It is further **ORDERED** that all Marquez's remaining claims challenging the ongoing criminal proceeding in state court are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **24th day** of **October, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**